UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD, | No. 2:21-cv-1411 KJM CKD P |
| Plaintiff, | |
| v. | ORDER |
| S. DEJESUS, et al., | |
| Defendants. | |

Plaintiff has filed a motion asking the court to reconsider the May 23, 2022 order dismissing this case because he did not pay the filing fee. *See* Mot., ECF No. 23. He argues he should be permitted to proceed in forma pauperis and not be required to pay the filing fee. *Id.* at 3.

A district court may reconsider a ruling under either Federal Rule of Civil Procedure 59(e) or 60(b). *See Sch. Dist. Number. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* at 1263.

Plaintiff's motion to proceed in forma pauperis was denied on October 20, 2021, because plaintiff has "struck out" under 28 U.S.C. § 1915(g) and, in his complaint, plaintiff does not seek relief with respect to conditions of confinement amounting to "imminent danger of serious

1

physical injury." ECF No. 10.  As noted by the magistrate judge assigned to this case in an order dated September 3, 2021, "[p]laintiff complains about the processing of grievances filed by him concerning medical care," but plaintiff does not "point to facts suggesting that the care he is receiving, or the lack thereof, is causing him any imminent danger."  ECF No. 6; *see* ECF No. 10.

In his motion for reconsideration, plaintiff does not deny he has "struck out" and plaintiff does not show the court misconstrued the allegations in plaintiff's complaint when it decided the "imminent danger of serious physical injury" exception does not apply.  Plaintiff does not establish a legal error was committed, nor that the decision to dismiss was manifestly unjust or there has been change in the law.  Accordingly, plaintiff's motion for reconsideration is **denied**. To the extent plaintiff believes he is currently subjected to conditions of confinement which present "imminent danger of serious physical injury," plaintiff is free to allege as much in new pleadings in a new action if appropriate.

Within the motion for reconsideration, plaintiff also asks for injunctive relief which the court cannot grant in a case that has been dismissed.  Finally, plaintiff asks the court to take judicial notice of certain documents.  Under Federal Rule of Evidence 201, the court may generally take judicial notice of "a fact that is not subject to reasonable dispute . . ."  Because plaintiff does not identify any facts which should be judicially noticed or are worthy of judicial notice in this case, his request is **denied**.

Good cause appearing, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (ECF No. 23) and all requests made therein are **denied**.

DATED:  December 14, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE